## MORSE v. NEW AMSTERDAM CASUALTY CO.

Circuit Court of Appeals, Fifth Circuit.
January 7, 1930.

No. 5558.

John White, of Dallas, Tex. (White & Yarborough, of Dallas, Tex., on the brief), for appellant.

John C. Robertson and George A. Robertson, both of Dallas, Tex. (Robert G. Payne, of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee had issued a policy to the McKnight Grain & Grocery Company, covering claims by their employees, arising under the provisions of the Texas Workmen's Compensation Law. Article 8309, R. C. S. Texas 1925, defines employee as every person in the service of another, etc., "except one whose employment is not in the usual course of trade, business, profession or occupation of his employer."

Appellant was injured while employed by the McKnight Company as a carpenter and engaged in erecting an elevator and bin to be used for the handling of grain. Dealing in grain was part of the McKnight Company's business. The said company was not engaged in the business of erecting grain elevators and bins, and was doing so in this instance only for their own purposes. For the reasons set forth in a well considered opinion [30 F.(2d) 974], the District Court directed a verdict for appellee at the close of the evidence. While unnecessarily multiplied into eight assignments, the only error complained of is the directing of the verdict.

From the undisputed facts it is plain that appellant was not employed in the usual course of the McKnight Company's business. Prejudicial error is not shown. Oilmen's Reciprocal Ass'n v. Gilleland (Tex. Com. App.) 291 S. W. 197.

Affirmed.